UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| L. RUTHER, | : CIVIL NO: 1:13-CV-01640 |
| Plaintiff | : |
| | : (Judge Conner) |
| v. | : |
| | : (Magistrate Judge Schwab) |
| UNITED STATES OFFICERS, | : |
| Defendants | : |

**REPORT AND RECOMMENDATION**

**I. Introduction.**

The plaintiff, proceeding *pro se*, has filed a complaint and a motion to proceed *in forma pauperis*. The complaint, which is illegible and unreadable, fails to comply with the pleading requirements of Fed.R.Civ.P. 8, and as such, it fails to state a claim upon which relief may be granted. We recommend that the plaintiff's application for leave to proceed *in forma pauperis* be granted, that the complaint be dismissed, and that the plaintiff be granted leave to file an amended complaint.

**II. Factual Background and Procedural History.**

The plaintiff, L. Ruther, began this case by filing a document, which we construe as a complaint, and an application for leave to proceed *in forma pauperis*.[1] The

---

[1] On the same day that he filed this action, Ruther filed two other actions in this

complaint does not clearly name a defendant, but in what appears to be the caption of the complaint, Ruther lists "United States Officers." We cannot decipher the allegations in the complaint. Although we recognize certain words, we have no idea what Ruther is complaining about or what relief he is seeking.

**III. Discussion.**

    **A. Screening of *Pro Se* Complaints—Standard of Review.**

Pursuant to 28 U.S.C. § 1915(a)(1), if the plaintiff establishes that he or she is unable to pay the costs of the suit, the court may allow a plaintiff to proceed *in forma pauperis*. *In re Binsack*, 446 F. App'x 445, 447 (3d Cir. 2011). Although there is language in the statute that refers to prisoners, § 1915(a) is not restricted to prisoner suits. *Martinez v. Kristie Kleaners,* Inc., 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004). In an action in which the plaintiff is proceeding *in forma pauperis*, we are obliged to review the complaint pursuant to 28 U.S.C. § 1915(e)(2) which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i) is frivolous or malicious
>         (ii) fails to state a claim upon which relief may be

---

court. *See Ruther v. State of Tennessee Officer,* 1:13-CV-1642, and *Ruther v. State Kentucky Officers,* 1:13-CV-1641.

> granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint "fails to state a claim upon which relief may be granted." This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), continuing with our opinion in *Phillips [v. County of Allegheny,* 515 F.3d 224, 230 (3d Cir.2008)], and culminating recently with the Supreme Court's decision in *Ashcroft v. Iqbal* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 209-10 (3d Cir. 2009).

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 677-78 (2009). The statement required by Rule

3

8(a)(2) must give the defendant fair notice of what the plaintiff's claim is and of the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Detailed factual allegations are not required, but more is required than labels, conclusions, and a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief." *Fowler, supra*, 578 F.3d at 211. "A complaint has to 'show' such an entitlement with its facts." *Id.*

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all well-pleaded factual allegations in the complaint, and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.,* 20 F.3d 1250, 1261 (3d Cir. 1994). A court, however, "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997). Additionally, a court need not "assume that a . . . plaintiff can prove facts that the . . . plaintiff has not alleged." *Associated Gen. Contractors of Cal. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983).

In conducting a review of the adequacy of a complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal, supra,* 556 U.S. at 679.

Thus, following *Twombly* and *Iqbal,* a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, it must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation. In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis:

> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

*Santiago v. Warminster Twp.,* 629 F.3d 121, 130 (3d Cir. 2010)(quoting *Iqbal, supra,* 556 U.S. at 675 & 679).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson, supra,* 551 U.S. at 94 (quoting *Estelle v.*

*Gamble,* 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013). Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In addition to requiring a short and plain statement of the claim, Fed.R.Civ.P. 8(a) also requires that a complaint set forth the grounds for the court's jurisdiction in a short and plain statement and a demand for the relief sought.


### B. The Complaint Fails to Comply with Fed.R.Civ.P. 8.

In its current form, this complaint is flawed in several fundamental respects. First, it fails to comply with Rule 8(a)(1)'s requirement that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction." Ruther does include any statement of the basis for the court's jurisdiction in this case, and because the complaint is unintelligible, no basis for the court to exercise subject-matter jurisdiction is apparent from the complaint.

Ruther's complaint also does not comply with the Rule 8(a)(2)'s basic tenet that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Although the complaint is short, it does not contain a plain statement of Ruther's claim.  In fact, we cannot discern from the complaint what Ruther is alleging.

When a complaint is "largely unintelligible" or "illegible or incomprehensible," dismissal is warranted. *Stephanatos v. Cohen,* 236 F.App'x 785, 787 (3d Cir. 2007); *Scibellil v. Lebanon County,* 219 F.App'x 221, 222 (3d Cir. 2007).  While "dismissal 'is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised,'" *Tillio v. Spiess*, 441 F. App'x 109, 110 (3d Cir. 2011) (quoting *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995)), that is precisely the situation in this case.  Here, the complaint is both illegible and incomprehensible. We cannot discern the nature of Ruther's claims.  Further, it is not clear who Ruther intends to sue or what relief he is seeking.

Because it does not comply with the pleading requirements of Fed.R.Civ.P. 8(a), we recommend that the complaint be dismissed.

**D. Ruther Should Be Granted Leave to File an Amended Complaint.**

Before dismissing a complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2), the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 114 (3d Cir. 2002). Because we cannot discern the nature of Ruther's claims, it is difficult to determine whether leave to amend would be inequitable or futile. But, in light of the liberal-amendment requirement, although this screening analysis calls for dismissal of the complaint, Ruther should be granted another, final opportunity to comply with the requirements of Fed.R.Civ.P. 8. Thus, we recommend that the complaint be dismissed, but we recommend that the dismissal be without prejudice to Ruther filing an amended complaint.

**IV. Recommendations.**

Accordingly, for the foregoing reasons, **IT IS RECOMMENDED** that Ruther's application to proceed *in forma pauperis* be granted. **IT IS FURTHER**

**RECOMMENDED** that the complaint be dismissed and that Ruther be granted leave to file an amended complaint in accordance with this Report and Recommendation.[2]

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

---

2  We note that any amended complaint must be titled as an amended complaint and must contain the docket number of this case. Any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed. Any amended complaint will completely replace the original complaint. If an amended complaint is filed, the original complaint will have no role in the future litigation of this case. Any amended complaint must comply with the pleading requirements of the Federal Rules of Civil Procedure.

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 28th day of June, 2013.

                                            **S/*Susan E. Schwab***
                                            Susan E. Schwab
                                            United States Magistrate Judge