# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **L. RUTHER**, | : | CIVIL ACTION NO. 1:13-CV-01640 |
| **Plaintiff**, | : | (Chief Judge Conner) |
| v. | : | |
| **UNITED STATES OFFICERS**, | : | |
| **Defendants**. | : | |

## ORDER

AND NOW, this 8th day of October, 2013, upon consideration of the report of United States Magistrate Judge Susan E. Schwab (Doc. 9), recommending that this case be closed because plaintiff has failed to file a timely amended complaint,[1] and, following an independent review of the record, it appearing to the court that plaintiff has indeed failed to follow the directive of the magistrate judge and the undersigned to file a legible amended pleading, and it further appearing that neither party has not objected to the magistrate judge's report and recommendation, and that there is no clear error on the

---

[1] The court notes that in the interim since the report and recommendation was filed, plaintiff has filed a document (Doc. 10) which is styled as a summons but is again largely unintelligible and fails entirely to put the parties on notice of the claims against them. Because the filing fails to comply with both the pleading requirements of the Federal Rules of Civil Procedure and the court's prior orders, the court will dismiss the matter *sub judice* with prejudice.

face of the record,[2] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 9) is ADOPTED in its entirety.

2. The Clerk of Court is directed to CLOSE this case.

       /S/ CHRISTOPHER C. CONNER
CHRISTOPHER C. CONNER
Chief Judge, Middle District of Pennsylvania

---

[2] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.